UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **PEDRO RANGEL-HERNANDEZ** § | |
|     Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. L-09-32** |
| § | |
| **UNITED STATES OF AMERICA** § | |
|     Respondent. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Pedro Rangel-Hernandez's § 2255 Motion to Vacate, Set Aside or Correct Sentence. [Civ. No. 5:09-32, Dkt. No. 1].[1] The Court has reviewed carefully all pertinent matters in this case. Based on this review and the application of governing legal authorities, the Court **DISMISSES** Rangel-Hernandez's Motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On October 11, 2006, U.S. Border Patrol agents encountered Rangel-Hernandez, a Mexican citizen, in downtown Laredo. The agents arrested Rangel-Hernandez after he admitted he was a Mexican citizen and illegally in the United States. [Cr. No. 5:06-1529, Pre-Sentence Investigation Report ¶ 5]. On November 7, 2006, a federal grand jury in Laredo, Texas returned a one-count indictment against Rangel-Hernandez for illegal re-entry after being deported from the United States in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. No. 5:06-1529, Dkt. No. 5]. Rangel-Hernandez decided to forego trial and entered a plea of guilty orally to the indictment before United States Magistrate Judge Adriana Arce-Flores. [Cr. No. 5:06-1529, Min. Entry 12/6/2006, Dkt. No. 11]. The Court accepted his plea.

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

To aid in determining Rangel-Hernandez's sentence, the Court directed the Probation Office to prepare a Pre-sentence Investigation Report ("PSR"). During the preparation of this report, the Probation Office discovered that Rangel-Hernandez by committing the instant crime had violated the terms of his supervised release in two previous federal felony cases.[2] The Government then charged Rangel-Hernandez with these two supervised release violations and the Court assigned them separate case numbers, Cr. No. 5:06-1746 and Cr. No. 5:07-385.[3] [Cr. No. 5:06-1746; Cr. No. 5:07-385]. On May 15, 2007, the Court held a hearing on the revocation of supervised release in these two cases and, thereafter, revoked supervised release in both cases. [Cr. No. 5:06-1746, Min. Entry 5/15/2007; Cr. No. 5:07-385, Min. Entry 5/15/2007]. The Court then sentenced Rangel-Hernandez for the two revocation cases to eighteen months confinement in Cr. No. 5:06-1746 and eight months confinement in Cr. No. 5:07-385. [XXXX] On that same date, the Court also sentenced Rangel-Hernandez for illegal reentry in Cr. No. 5:06-1529 to eighty-five months imprisonment. [Cr. No. 5:06-1529, Min. Entry 5/15/2007Dkt. No. 22]. The Court ordered that these three sentences be served consecutively. [*Id.*].

Rangel-Hernandez appealed the revocation of his supervised release in both Cr. No. 5:06-1746 and Cr. No. 5:07-385. [CA. No. 07-40504; CA. No. 07-40520]. He did not appeal his new conviction 5:06-cr-1529 for illegal re-entry into the United States. The U.S. Court of Appeals for the Fifth Circuit affirmed Rangel-Hernandez's conviction and sentences for violating his supervised release for his convictions of conspiracy to launder money and conspiracy to possess

---

[2] These two previous convictions were for conspiracy to launder money [Cr. No. SA-98-83-01-HG] and conspiracy to possess with intent to distribute amphetamines [Cr. No. SA-00-317-21-FB]. Both of these convictions occurred in the San Antonio Division of the United States District Court of the Western District of Texas.

[3] Rangel-Hernandez was originally indicted for the violations of his supervised release in the San Antonio Division of the United States District Court of the Western District of Texas in Cr. No. SA-00-317-21-FB and in Cr. No. SA-98-83-01-HG. The San Antonio Division transferred jurisdiction of these cases to the Laredo Division pursuant to 18 U.S.C. § 3605.

with intent to distribute amphetamines on April 16, 2008. [CA. No. 07-40504; CA. No. 07-40520].

On March 23, 2009, Rangel-Hernandez filed the § 2255 Motion now before the Court, [Civ. No. 5:09-32, Dkt. No. 1], and an accompanying Memorandum of Law in Cr. No. 5:06-1529, his conviction for illegally re-entering the United States. [Civ. No. 5:09-32, Dkt. No. 2]. In his § 2255 Motion, Rangel-Hernandez presents three grounds for relief. First, he alleges that he received ineffective assistance of counsel because counsel "did not object to and argue on direct appeal . . . that his sentences under cause #5:07cr385 . . . and for cause #5:06cr1746 . . . be run [consecutively] with one another." [Civ. No. 5:09-32, Dkt. No. 2 at 3]. Second, Rangel-Hernandez argues that the "District Court erred by treating the Sentencing Guidelines as being mandatory rather than advisory . . ." [*Id.* at 4]. Rangel-Hernandez submits that the sentence he received for the three cases was unreasonable. [*Id.* at 4-7]. Third, Rangel-Hernandez contends that his indictment for illegally re-entry should be dismissed because he did not have the mens rea to commit the crime. Rangel Hernandez alleges he did not know that he had entered the United States because no signs or fences demarcate the border. [*Id.* at 7-8].

## II.   DISCUSSION

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs Rangel-Hernandez's motion under 28 U.S.C. § 2255. Before the AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. In contrast, after the AEDPA, movants under § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255.

Here, Rangel-Hernandez collaterally attacks his criminal conviction for illegal re-entry, Cr. No. 5:06-1529. [Civ. No. 5:09-32, Dkt. No. 1 at 1; Dkt. No. 2 at 1]. In this habeas action, the one-year statute of limitations began to run on the date that Rangel-Hernandez's conviction in Cr. No. 5:06-1529 became final. Cr. No. 5:06-1529, not Cr. No. 5:06-1746 and Cr. No. 5:07-385, is the case number that Rangel-Hernandez lists on his § 2255 Motion and accompanying Memorandum of law. [Civ. No. 5:09-32, Dkt. No. 1 at 1; Dkt. No. 2 at 1]. That conviction for illegal-reentry became final on May 28, 2007 (10 days after judgment was entered on May 18, 2007). FED. R. APP. P. 4(b)(1)(A). On March 23, 2009, more than one year after his conviction became final, Rangel-Hernandez filed this § 2255 motion. Thus, his motion is untimely. Even if the Court calculates the one-year limitations period from March 18, 2009, the date Rangel-Hernandez signed his motion, it is still untimely. Absent tolling, Petitioner's claim is barred by limitations.

The Court notes that Rangel-Hernandez can still file a habeas petition pursuant to 28 U.S.C. § 2255 that collaterally attacks his revocation of supervised release in Cr. No. 5:06-1746 and Cr. No. 5:07-385. The one year statute of limitations has not run in either of these two cases. *See* Clay v. United States, 537 U.S. 522, 532 (2003) (holding that "federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires"); Sup. Ct. R. 13.1 (noting that a petitioner has 90 days after entry of judgment to file a petition for certiorari). The one-year statute of limitations began to run on or about July 15, 2008, the date that Rangel-Hernandez's conviction became final in these two cases. Thus, Rangel-Hernandez has until on or about July 15, 2009 to file a habeas petition pursuant to 28 U.S.C. § 2255 in Cr. No. 5:06-1746 and Cr. No. 5:07-385.

### B. Equitable Tolling

The statute of limitations in § 2255 motions may be "equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)). Although Rangel-Hernandez did not explicitly raise the issue of equitable tolling, his *pro se* pleadings are entitled to liberal construction. *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Therefore, the Court will consider whether equitable tolling is warranted.

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In other words, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The Fifth Circuit Court of Appeals has held that, for equitable tolling to apply in the post-conviction context, the applicant must "diligently pursue relief because "equity is not intended for those who sleep on their rights." *Id.* at 403; *see also Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)), *cert. denied*, 531 U.S. 1164 (2001)). The party seeking the benefits of equitable tolling bears the burden of showing that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, nothing indicates that Rangel-Hernandez was actively misled as to the filing of this motion by either the government or by her his own counsel or that he was prevented in

some extraordinary way from asserting his rights. Further, nothing indicates that Rangel-Hernandez diligently pursued relief prior to March 2009 in Cr. No. 5:06-1529.

The Court is mindful of the effect a dismissal will have on Rangel-Hernandez's ability to have his claims heard in Cr. No. 5:06-1529. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Given the unexplained delay in this case, however, Rangel-Hernandez's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules Congress has provided. *See id.* The Court, therefore, concludes that equitable tolling will not save Rangel-Hernandez's late-filed claims. Further, the Court finds that Rangel-Hernandez's § 2255 motion is barred by the applicable one-year limitations period.

III.  **CONCLUSION**

It is clear from the face of the motion as well as the record as it currently stands, that Rangel-Hernandez's motion under 28 U.S.C. § 2255 is barred by limitations. Accordingly, Rangel-Hernandez's Motion to Correct, Vacate or Set Aside Sentence is **DISMISSED**. Additionally, should Rangel-Hernandez seek a certificate of appealability, such is DENIED.

**IT IS SO ORDERED.**

DONE this 23rd day of April 2009, in Laredo, Texas.

                                Micaela Alvarez
                         UNITED STATES DISTRICT JUDGE